UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, NY 11722-4451
(631) 712-5730

**BEFORE:**     **ARLENE R. LINDSAY**          **DATE:** May 31, 2006
               United States Magistrate Judge
                                              **TIME:** 2:00 PM

**DOCKET NO:** 03-cv-03243-TCP-ARL

**CASE:** State of New York et al v. The Shinnecock Indian Nation et al

____     INITIAL CONFERENCE

____     STATUS CONFERENCE                    BY TELEPHONE XX

____     SETTLEMENT CONFERENCE

____     FINAL CONFERENCE

____     ORDER

**APPEARANCES:**   **FOR PLAINTIFF:**             **FOR DEFENDANTS:**

                   For Town: Michael Cohen &     Christopher Lunding

                   Christopher Porzio            Christopher Provenzano

                   For State: Lisa Feiner &

                   Gordon Johnson

**The following rulings were made:**

In correspondence dated May 23, 2006 and May 24, 2006, the parties seek clarification of an "oral ruling" entered by the court on February 8, 2006. The dispute centers around defendants' document demand which requests "all documents concerning any communications between any attorney ... and any elected or appointed official or employee of the State or Town." The scope of this request gave rise to the issue now before the court, that is, whether the court's ruling of February 8th required the parties to include on a privilege log any attorney/client communications concerning the initiation or prosecution of this litigation withheld on the basis of privilege. This was not the court's intent. Communications between counsel and a client for the purpose of seeking or providing legal assistance in the initiation or prosecution of this litigation and which would be protected by attorney-client privilege need not be itemized on a privilege log. The court is unaware of any rule which requires itemization of what is essentially counsel's correspondence file with his/her client. As clarified at today's conference, the parties are cautioned not to construe this ruling as exempting all post-commencement communications from discovery or inclusion on a privilege log if withheld.

**SO ORDERED:**

/s/

_____