**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**Long Island Federal Courthouse**
**814 Federal Plaza**
**Central Islip, NY 11722-4451**
**(631) 712-5730**

**BEFORE:**   **ARLENE R. LINDSAY**          **DATE: June 14, 2006**
             **United States Magistrate Judge**

                                              **TIME: 11:00 AM**

**DOCKET NO:**

**03-cv-03243-TCP-ARL**

**CASE:**

**State of New York et al v. The Shinnecock Indian Nation et al**


\_\_\_\_   **INITIAL CONFERENCE**

\_\_\_\_   **STATUS CONFERENCE**                **BY TELEPHONE xx\_\_\_**

\_\_\_\_   **SETTLEMENT CONFERENCE**

\_\_\_\_   **FINAL CONFERENCE**

\_\_\_\_   **ORDER**


           **APPEARANCES:**        **FOR PLAINTIFF:**          **FOR DEFENDANT:**

                                **Michael Cohen - Town**      **Christopher Lunding**

                                **Christopher Hall - State**

**The following rulings were made:**

     For the reasons stated below, the Town's June 2, 2006 letter application for a protective order is granted in part.  In approximately July 2003, Mr. Moeller, entered an agreement with the Town to serve as a non-testifying expert in connection with the prosecution of this case.  Mr. Moeller was retained because of his general knowledge of Southampton town history.  After being retained by the Town, Mr. Moeller researched and analyzed historical documents pertinent to the issues in this case.  The data thus collected by Mr. Moeller was then provided to the Town's designated expert.  To the extent that Mr. Moeller has specialized knowledge of any history and historical documents bearing upon the issues in this case, he acquired this knowledge as a result of his consulting agreement with the Town.

     On April 27, 2005, Mr. Moeller was appointed to the position of Town Historian.  The position of Town Historian is largely a ceremonial position which requires Mr. Moeller to, among other things, meet with the Town Clerk to insure the preservation of Town records, give presentations to local civic associations and historical societies, and receive and respond to research requests by the general public.   Mr. Moeller serves the Town in this capacity one day per week.

     Contending that Mr. Moeller's position as a Town Historian renders him a "fact" witness,

defendants seek to examine Mr. Moeller on his knowledge of Town history and archival records relevant to the issues in this case. In reality, defendants seek to depose Mr. Moeller about information he acquired as a result of his consulting agreement with the Town and not because of his position as Town Historian. Rule 26(b)(4)(B) governs this issue and makes clear that discovery of facts known by a non-testifying expert who has been retained in anticipation of litigation may be obtained only upon a showing of exceptional circumstances. Defendants have made no such showing in this case and are therefore precluded from deposing Mr. Moeller concerning information he obtained as a result of his consulting agreement with the Town. To permit otherwise would invade the Town attorneys' work product.

Defendants may, however, depose Mr. Moeller about his position as Town Historian and inquire about relevant information he obtained solely in connection with his position as Town Historian.

SO ORDERED:

/s/

_____