UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

Nº 03-CV-3243 (JFB) (ARL)
Nº 03-CV-3466 (JFB) (ARL)
_____

STATE OF NEW YORK, NEW YORK STATE RACING AND WAGERING BOARD, NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, AND TOWN OF SOUTHAMPTON,

Plaintiffs,

VERSUS

THE SHINNECOCK INDIAN NATION, FREDERICK C. BESS, LANCE A. GUMBS, RANDALL KING, AND KAREN HUNTER,

Defendants.
_____

TOWN OF SOUTHAMPTON,

Plaintiff,

VERSUS

THE SHINNECOCK TRIBE A/K/A THE SHINNECOCK INDIAN NATION, FREDERICK C. BESS, LANCE A. GUMBS, AND RANDALL KING,

Defendants.
_____

MEMORANDUM AND ORDER
February 7, 2008
_____

JOSEPH F. BIANCO, District Judge:

In the above-captioned consolidated actions, plaintiffs New York State, the New York State Racing and Wagering Board, the New York State Department of Environmental Conservation, and the Town of Southampton (collectively, "plaintiffs") sought to permanently enjoin defendants, the Shinnecock Indian Nation (the "Nation" or the "Shinnecock"), and its tribal officials sued in their official capacity (collectively, "defendants"), from constructing a casino and conducting certain gaming on a parcel of non-

reservation property known as "Westwoods" in Suffolk County, New York.

On September 26, 2006, in anticipation of a forthcoming bench trial in this case and according to the Court's Individual Rules, the parties submitted a Proposed Joint Pretrial Order containing facts to which all parties had stipulated. In particular, Stipulation No. 9 stated: "The Shinnecock Indian Nation has not been acknowledged to be an Indian tribe by the United States Department of the Interior." (*See* Proposed Joint Pretrial Order at 14.)

After conducting the trial, the Court held, by Memorandum and Order dated October 30, 2007 (the "October 30 Order") that plaintiffs met their burden for declaratory and injunctive relief that prevents the development of a casino at Westwoods that is not in full compliance with New York and Town laws and regulations. *See New York v. Shinnecock Indian Nation*, Nos. 03-CV-3243, 03-CV-3466, 2007 U.S. Dist. LEXIS 80443, at *4 (E.D.N.Y. Oct. 30, 2007). The Court based its decision on three independent grounds, one of which was the Shinnecock's failure to fall within the confines of the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 *et seq.* ("IGRA"), which supplanted any federal common law right of tribes to conduct the type of unregulated gaming the Nation sought to operate at Westwoods. *See id.* at *317-*335.

In the course of making this determination, the Court noted IGRA's requirement that "gaming be engaged in only by an 'Indian tribe' on 'Indian lands,'" *id.* at *323, and found that the Shinnecock was not an "Indian tribe" under IGRA and that Westwoods was not "Indian lands" under IGRA. Specifically, with respect to the "Indian tribe" requirement, because "'Indian tribe' under IGRA is defined narrowly to include only tribes that are recognized by the [Bureau of Indian Affairs]," *id.* at *322, the Court found – pursuant to Stipulation No. 9 – that "the Nation cannot satisfy the definition of 'Indian tribe' [under IGRA] because it is undisputed that the Nation is not recognized as a tribe by the BIA." *Id.* at *325.

Defendants now move for relief from Stipulation No. 9 and for modification of the October 30 Order on the grounds that newly discovered evidence shows that Stipulation No. 9 is incorrect, or at a minimum fair grounds for litigation. For the reasons set forth below, the Court denies defendants' motion. Although Stipulation No. 9 may be fair grounds for litigation separate from the instant action, defendants have failed to meet the standard for modification of the October 30 Order set forth in Rule 59 of the Federal Rules of Civil Procedure.[1]

I. PROCEDURAL HISTORY

Defendants submitted the instant motion by letter dated November 14, 2007. Plaintiffs

---

[1] In their motion, defendants did not identify the Federal Rule of Civil Procedure under which they were moving, either explicitly or by reference to any supporting case law. Arguably, defendants could also be moving under Rules 52(b) or 61. Rule 52(b) states that upon motion of a party, a Court "may amend its findings – or make additional findings – and may amend the judgement accordingly." Fed. R. Civ. P. 52(b). Rule 61 states that "[u]nless justice requires otherwise, no . . . error by the court or a party – is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order." Fed. R. Civ. P. 61. In any event, as set forth below in the context of the Court's analysis under Rule 59, defendants' motion fails under all of these standards.

2

responded by letter dated December 20, 2007. The Court held oral argument on February 1, 2008.

## II. STANDARD OF REVIEW

"Rulings on motions under . . . [Rule] 59(a) are committed to the sound discretion of the district court, and are reviewed on appeal only for abuse of that discretion." *Sequa Corp. v. Sequa Capital Corp.*, 156 F.3d 136, 143 (2d Cir. 1998); *see also Ishay v. City of New York*, 158 F. Supp. 2d 261, 263 (E.D.N.Y. 2001) (noting that "rulings on motions under Rule 59(a) are 'committed to the sound discretion' of the trial court") (quoting *Sequa*, 156 F.3d at 143).

## III. DISCUSSION

Rule 59 of the Federal Rules of Civil Procedure states that "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). "Rule 59(a) imposes a strict standard. A motion for a new trial may be granted in an action tried without a jury only if there is a manifest error of law or mistake of fact." *Saint v. United States*, 243 F.R.D. 50, 51 (E.D.N.Y. 2007) (citing *Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir. 1995)). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' . . ." *Sequa*, 156 F.3d at 144.

Thus, courts routinely reject attempts to reopen a bench trial in the absence of extraordinary circumstances. *See, e.g., Ammar v. United States*, 342 F.3d 133, 141 (2d Cir. 2003) (affirming district court's denial of motion to reopen bench trial because Court, in its discretion, "was not required" to do so); *LiButti v. United States*, 178 F.3d 114, 118 (2d Cir. 1999) (affirming district court's denial of motion to reopen bench trial because "a trial court should be most reluctant to set aside that which it has previously decided unless convinced that it was based on a mistake of fact or clear error of law. . . ."); *Ball*, 71 F.3d at 76 (affirming district court's denial of motion under Rule 59(a) because "'[a] motion for a new trial in a nonjury case . . . should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.'") (quoting 11 Charles A. Wright et al., Federal Practice & Procedure § 2804, at 53 (2d ed. 1995)); *Sogeti U.S.A., L.L.C. v. Whirlwind Bldg. Sys.*, 496 F. Supp. 2d 380, 381 (S.D.N.Y. 2007) (rejecting motion to reopen bench trial under Rule 59(a) because such motions "will not be granted simply to reconsider issues that have already been fully litigated and upon which a legally sound decision has already been rendered"); *Saint*, 243 F.R.D. at 52 (rejecting motion to reopen bench trial because "plaintiff does not contend that she is entitled to reopen proceedings because the court overlooked any relevant facts or legal authority, nor does plaintiff claim any error by the court in its factual findings or conclusions of law, or any supervening change in law") (citation and quotation marks omitted).

Here, defendants argue that the Court should modify its holding on the grounds of newly discovered evidence. However, as set forth below, the Court finds in its discretion that defendants have failed to set forth a sufficient basis for the modification sought.

3

As a threshold matter, the Court questions whether the evidence defendants present in support of their motion genuinely qualifies as "newly discovered." Defendants appended to their motion six exhibits, which defendants assert are "a selection of documents from a large number of documents supporting the proposition that the question of whether the Shinnecock Indian Nation has been acknowledged by the United States Department of the Interior to be an Indian tribe under federal jurisdiction is one that is, at a minimum, fair ground for litigation." (Lunding Aff. ¶ 3.) These exhibits consist of publicly-available, historical documents – such as government reports and Congressional hearing transcripts – that, while many decades old, originate from the same time period as many of the documents parties produced at trial. Indeed, defendants fail even to attempt to show that they did not have access to these documents during the trial or could not have obtained these documents with due diligence. Under these circumstances, the Court is particularly reluctant to disturb any portion of its findings of fact and conclusions of law, which the Court reached after a bench trial that lasted over thirty days, and that included over twenty witnesses, over six hundred exhibits, and over four thousand pages of transcripts. *See Sequa*, 156 F.3d at 144 (finding district court erred in denying motion to reopen bench trial, but noting that if movant were "merely rueing an oversight of its own in failing to introduce foreseeably relevant evidence . . . we would not be inclined to disturb the district court's decision"); *Ammar*; 342 F.3d at 141 ("A motion to reopen the record for the presentation of new evidence is addressed to the sound discretion of the court. We see no abuse of discretion here. [Movant] had ample opportunity to provide evidence during the trial.") (citation omitted); *Saint*, 243 F.R.D. at 53 ("Plaintiff cannot in the guise of a motion for reconsideration seek to introduce evidence, . . . which was as much in her control before and during the trial as it is now. This testimony went to a matter as to which she and her counsel can claim no surprise. . . .") (citation and quotation marks omitted).

In any event, as set forth below, even if the evidence at issue were "newly discovered," defendants have not demonstrated that the Court made a manifest error of law or mistake of fact by employing Stipulation No. 9 in the IGRA analysis.

First, defendants do not show that Stipulation No. 9 was, itself, manifestly erroneous. Particularly in light of plaintiffs' contention that they could produce significant evidence to rebut any inference that arises from defendants' proffered exhibits, (*see* Pls.' December 20 Letter at 21), these exhibits do not conclusively demonstrate that the Department of the Interior acknowledged the Shinnecock to be an Indian tribe. At best, these exhibits may allow this to be a fair ground for litigation. For example, defendants submitted a report prepared by "a representative of the Indian Office" to the Congressional Committee on Indian Affairs, regarding Indian tribes in New York. (*See* Lunding Aff. Exh. C.) In the report, the representative makes the following statement: "Six tribes still remain in New York, to be regarded as of any importance at this time, viz, the Senecas, Tonowandas, Tuscaroras, Onandagas, St. Regis, and Shinnecocks, the latter, however, never having formed a unit in the Six Nations, although at one time they did pay tribute to the Mohawks." (*Id.* at 11.) To begin, the Department of the Interior did not prepare this document, so it can hardly be considered conclusive evidence of any "acknowledgment" of the Nation. Moreover,

the document in itself appears to qualify the status of the Shinnecock through reference to "the Six Nations." Thus, although defendants' exhibits may imply that the proposition contained in Stipulation No. 9 is debatable, the evidence is not such that it demonstrates Stipulation No. 9 to be factually erroneous. Defendants have failed to demonstrate a clear factual error with respect to Stipulation No. 9 that warrants re-opening the bench trial to relieve them of that Stipulation. *See, e.g., LiButti*, 178 F.3d at 119 (agreeing with district court that "proposed testimony of only speculative value" did not warrant reopening bench trial).

Further, even if the Court were to find that Stipulation No. 9 is factually incorrect, the Court's analysis of the IGRA issue would not contain a manifest error of law or fact that would alter the Court's ultimate conclusion on IGRA. As the Court explained *supra*, Stipulation No. 9 was the factual basis for the Court's legal conclusion that the Nation was not an "Indian tribe" under IGRA. However, Stipulation No. 9 did not affect the Court's conclusion that Westwoods also was not "Indian lands." Because the Court had to find that defendants met both the "Indian tribe" and "Indian lands" standards in order to come within the confines of IGRA, Stipulation No. 9 was not critical to the outcome of the IGRA analysis and, thus, its inaccuracy could under no circumstances constitute a manifest error of law or fact warranting modification of the October 30 Order.[2] *See, e.g., LiButti*, 178 F.3d at 119 ("Even assuming that plaintiff's father's willingness to testify . . . would qualify as newly discovered evidence, plaintiff must also demonstrate a probability that the newly discovered evidence would change the outcome."); *Sogeti*, 496 F. Supp. 2d at 383 ("[Movant] has presented no new facts or controlling authority that the Court overlooked that would alter its original decision.").[3]

IV. CONCLUSION

For the reasons set forth above, in its discretion, the Court finds no basis to reopen the trial and modify the October 30 Order. To the extent the instant motion was driven by a concern that Stipulation No. 9 will have collateral effects, especially in conjunction with a separate action pending before this Court, such a concern can and should be addressed within the context of that litigation.

---

[2] Moreover, because the Court provided two independent grounds in addition to the IGRA analysis for its decision to grant injunctive and declaratory relief in this case, any arguable impact Stipulation No. 9 may have had on the Court's ultimate holding is even further mitigated.

[3] Defendants acknowledge that Stipulation No. 9 was "unnecessary to the Court's actual holding," (*see* Defs.' November 14, 2007 Letter at 2), and conclude that no harm would follow from relieving defendants of the Stipulation. However, plaintiffs have made clear that they would dispute the underlying factual premise of the proposed modification. Granting defendants' motion would, therefore, necessitate re-opening the evidence in order to rule on a non-dispositive factual issue. Defendants have failed to provide a basis in law for taking this step and, for the reasons stated *supra*, the Court declines to do so in its discretion.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 7, 2008
Central Islip, NY

\* \* \*

The attorney for plaintiffs State of New York, New York State Racing and Wagering Board, and New York State Department of Energy Conservation is Robert A. Siegfried, New York State Office of the Attorney General, Albany, New York, 12224. The attorney for plaintiff Town of Southampton is Michael Stewart Cohen of Nixon Peabody, LLP, 50 Jericho Quad, Suite 300, Jericho, New York, 11753. The attorney for defendants is Christopher H. Lunding of Cleary, Gottlieb, Steen & Hamilton, One Liberty Plaza, New York, New York, 10006.